UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>       Plaintiff,<br>v.<br>MICHAEL L. COHEN and VANJA BAROS,<br>       Defendants. | Civil Action No. 17-CV-00430 |

D/F

## STIPULATION AND ORDER REGARDING DISCOVERY MATERIALS

This Stipulation and Order Regarding Confidentiality of Discovery Materials ("Stipulation and Protective Order") is entered pursuant to Federal Rule of Civil Procedure 26(c) to facilitate discovery by the parties to the above-entitled case and protect from public disclosure certain information produced in discovery in this action.

1. All documents and other information (including transcripts and recordings of depositions or their foreign equivalent) produced (i) in connection with the parties' initial disclosures and/or (ii) in response to requests for discovery in this litigation(together, "Discovery Materials") shall be treated as confidential, meaning that such Discovery Materials shall be used solely for the purpose of the prosecution or defense of this litigation or any government proceeding or investigation arising out of the same events alleged in this matter (a "Government Proceeding"), except as provided in Paragraph 7 below.

2. Notwithstanding Paragraph 1 above, any document or information that is otherwise publicly available, including without limitation any document that is publicly filed with a regulatory entity such as the Commission, is not subject to this Stipulation and Protective Order.

1

3. Any Discovery Materials filed with the Court in this litigation or used or filed in a Government Proceeding shall be redacted in accordance with Rule 5.2 of the Federal Rules of Civil Procedure ("Rule 5.2"). In addition to the information required to be redacted under Rule 5.2, personally identifiable information shall be redacted in any Discovery Materials filed with the Court or used or filed in a Government Proceeding, including without limitation:

    a. An individual's passport number;

    b. A non-party individual's telephone number;

    c. A non-party individual's address; and

    d. A non-party individual's financial account balance.

If any party believes, in good faith, that additional categories of information should be redacted in any Discovery Materials filed with the Court or used or filed in a Government Proceeding, the parties agree to meet and confer and, if unable to reach an agreement, submit their dispute to the Court for resolution.

4. No person subject to this Order other than the producing person shall disclose any Discovery Material to any other person whomsoever, except to:

    a. the parties to this action;

    b. counsel (including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter) retained specifically for this action or any Government Proceeding, and any professionals acting at the direction of counsel for purposes of such representation (including any accountants, economists, investigators, and any clerical and other assistant employed by such professional and assigned to this matter), provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

c. as to any document, its author, its addressee, and any other person indicated on the face of the document or in related correspondence as having received a copy, including counsel for any such person;

d. any witness (or their counsel) who counsel for a party in this litigation in good faith believes may be called to testify at trial or deposition in this action; provided such disclosure be made only to the witness by counsel (including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter) and provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto.  Any witness or prospective witness that declines to execute a Non-Disclosure Agreement i) must be given a copy of this Protective Order and ii) may be shown Discovery Material by counsel, but may not be provided with copies of Discovery Material;

e. any person retained by a party to serve as an expert witness (including support personnel working with such expert witness, if any) or otherwise provide specialized advice to counsel in connection with this action, provided such disclosure be made only to the witness by counsel (including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter) and provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

f. stenographers engaged to transcribe depositions conducted in this action;

g. interpreters engaged to translate any Discovery Material;

h. to governmental entities (including but not limited to domestic and foreign criminal authorities) in connection with any Government Proceeding and, as to

    the Commission only, in a manner consistent with the Commission's duties and authorities pursuant to any applicable laws, regulations, or international agreements, including as delineated in the Commission's Form 1662 (available here: https://www.sec.gov/about/forms/sec1662.pdf); and,

    i. this Court.

5. Prior to any disclosure of any Discovery Material to any person referred to in subparagraphs 4(a), 4(d) or 4(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed hereto stating that that person has read this Order and agrees to be bound by its terms. For parties to this action, counsel shall produce the signed Non-Disclosure Agreement to opposing counsel at the time Discovery Material is first disclosed to that party. For any person referenced in subparagraphs 4(d) or 4(e), counsel disclosing Discovery Material shall retain each signed Non-Disclosure Agreement, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first. Counsel shall make reasonable efforts to seek the return or destruction of materials provided to prospective witnesses.

6. Each person who has access to Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material. In the event of an inadvertent disclosure of Discovery Material, the disclosing party and/or their counsel shall use reasonable efforts to secure the return or destruction of the inadvertently produced Discovery Material.

7. Nothing in this Stipulation and Protective Order shall apply to or in any manner condition, limit, or infringe:

a. the Commission's congressionally-mandated and authorized obligation to cooperate with other federal, state, local, or foreign law enforcement or regulatory agencies, including without limitation sharing Discovery Materials with other federal, state, local, or foreign law enforcement and/or regulatory agencies, including as delineated in the Commission's Form 1662;

b. Defendants' ability to cooperate or defend themselves in any investigation or proceeding brought by any federal, state, local, or foreign law enforcement and/or regulatory agencies, including without limitation sharing Discovery Materials with such agencies or using Discovery Materials in defense of any claims brought or threatened by such agencies; or

c. the parties' use or disclosure of information or materials already in their possession, custody, or control, or obtained other than (i) in connection with the parties' initial disclosures and/or (ii) in response to requests for discovery in this litigation.

8. The inadvertent or unintentional production of discovery which a party or non-party later claims should not have been produced because of a privilege, including but not limited to the attorney-client privilege or work product privilege ("Inadvertently Produced Privileged Material") will not be deemed to waive any privileges. A party or non-party may request the return of any Inadvertently Produced Privileged Material. A request for the return of any Inadvertently Produced Privileged Material shall identify the discovery inadvertently or unintentionally produced and the basis for withholding such discovery from production. If a receiving party discovers that discovery may have been inadvertently or unintentionally produced, it shall promptly notify the producing party. If a party or non-party requests the

return, pursuant to this paragraph, of any Inadvertently Produced Privileged Material, the receiving party(ies) shall not use or disclose, and shall immediately cease any prior use of, such materials and shall return to the party or non- party the Inadvertently Produced Privileged Material or confirm that the Inadvertently Produced Privileged Material has been destroyed and in either case, destroy all copies thereof. The receiving party(ies) returning or destroying such Inadvertently Produced Privileged Material shall not assert as grounds for an order compelling production of the Inadvertently Produced Privileged Material the fact or circumstances of the inadvertent or unintentional production. The return or destruction of any Inadvertently Produced Privileged Material shall not in any way preclude the receiving party(ies) from moving the Court for an order that: (i) the discovery was never privileged or otherwise immune from disclosure; or (ii) that any applicable privilege or immunity has been waived by some act other than an alleged waiver caused by the inadvertent or unintentional production.

9. The protections conferred by this Order cover not only Discovery Material but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by the parties or counsel to or in court or in other settings that might reveal Discovery Material.

10. The parties to the above-captioned matter, through their respective counsel, expressly agree to the terms of this Stipulation and Protective Order and consent to its form and entry.

11. This Stipulation and Protective Order may be executed and filed by the parties, through their counsel, in counterparts.

12. The terms of this Stipulation and Protective Order shall survive any settlement, discontinuance, dismissal, judgment or other disposition of the above-entitled action.

13. This Court shall retain jurisdiction over all persons subject to this Stipulation and Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

14. This Stipulation and Protective Order may be amended by further order of the Court, and is without prejudice to the rights of any party to this action to move for relief from any of its provisions, or different or additional protection for any particular information, documents or things.

15. The parties agree promptly to submit this Stipulation and Protective Order to the Court for approval and further agree that, pending approval by the Court, the parties agree to abide by the terms of this Stipulation and Protective Order. In the event the Court declines to approve the Stipulation and Protective Order, the parties agree that this Stipulation and Protective Order shall be of no further force and effect.

STIPULATED AND AGREED THIS 4th DAY OF ~~MARCH~~ APRIL, 2017

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION

Marc J. Jones
Martin F. Healey
Senior Trial Counsel
U.S. Securities and Exchange Commission
33 Arch Street, 24th Floor
Boston, MA 02110
jonesmarc@sec.gov
617-573-8947 (direct dial)
617-573-4590 (facsimile)

Attorneys for Plaintiff

| COHEN & GRESSER LLP | MORRISON & FOERSTER LLP |
|---|---|
| *[signature]* | |
| Mark S. Cohen | Ronald G. White |
| Jonathan S. Abernethy | Kayvan B. Sadeghi |
| Cohen & Gresser LLP | 250 West 55th Street |
| 800 Third Avenue, 21st Floor | New York, NY 10019 |
| New York, NY 10022 | Tel: (212) 468-8000 |
| Tel: (212) 957-7600 | Fax: (212) 468-7900 |
| Fax: (212) 957-4514 | |
| | Attorneys for Defendant Michael L. Cohen |
| Attorneys for Defendant Vanja Baros | |

IT IS SO ORDERED THIS _____ DAY OF _____, 2017

_____
HON. NICHOLAS G. GARAUFIS, U.S.D.J.

| COHEN & GRESSER LLP | MORRISON & FOERSTER LLP |
|---|---|
| | *Ronald G. White* (signature) |
| Mark S. Cohen | Ronald G. White |
| Jonathan S. Abernethy | Kayvan B. Sadeghi |
| Cohen & Gresser LLP | 250 West 55th Street |
| 800 Third Avenue, 21st Floor | New York, NY 10019 |
| New York, NY 10022 | Tel: (212) 468-8000 |
| Tel: (212) 957-7600 | Fax: (212) 468-7900 |
| Fax: (212) 957-4514 | |
| | Attorneys for Defendant Michael L. Cohen |
| Attorneys for Defendant Vanja Baros | |

IT IS SO ORDERED THIS 4th DAY OF April, 2017

s/Nicholas G. Garaufis
HON. NICHOLAS G. GARAUFIS, U.S.D.J.

8

NITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>       Plaintiff,<br>v.<br>MICHAEL L. COHEN and VANYA BAROS,<br>       Defendants. | Civil Action No. 17-CV-00430 |

## NON DISCLOSURE AGREEMENT

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of Discovery Material. I agree that I will not disclose such Discovery Material to anyone other than for purposes of this action or a Government Proceeding and in a manner consistent with this Protective Order, and that at the conclusion of the litigation and any Government Proceeding(s) I will return all Discovery Material to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Eastern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____      Signature _____