UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                        Plaintiff,<br>v.<br><br>MICHAEL L. COHEN and VANJA BAROS,<br><br>                       Defendants. | Case No. 17-CV-430 (NGG)(LB)<br><br>Date of Service: June 27, 2017<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT MICHAEL L. COHEN'S MOTION TO DISMISS THE AMENDED COMPLAINT** |

      Defendant Michael L. Cohen respectfully requests that the Court take judicial notice, pursuant to Federal Rule of Evidence 201, of the documents attached as Exhibits 1 through 20 to the declaration of Kayvan B. Sadeghi (the "Sadeghi Declaration"), filed herewith.

      Under Rule 201(b), "a court may take judicial notice of facts that are 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" *Island Software & Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 261 (2d Cir. 2005). Courts routinely take judicial notice of documents in connection with a motion to dismiss, including "statements or documents incorporated into the complaint by reference; . . . public records; and documents that the plaintiff either possessed or knew about, and relied upon, in bringing the suit." *McBeth v. Porges*, 171 F. Supp. 3d 216, 221 (S.D.N.Y. 2016) (citing *Kleinman v. Elan Corp.*, 706 F.3d 145, 152 (2d Cir. 2013) and *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002)); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (a court may consider "matters of which a court may take judicial notice" on a Rule 12(b)(6) motion to dismiss). All of the documents for which Defendants seek judicial notice fall into one or more of these categories.

**Documents Incorporated By Reference into the Complaint**

A complaint is deemed to include any documents incorporated in it by reference, which are properly before the Court on a motion to dismiss. *See, e.g., Int'l Audiotext Network, Inc. v. AT&T Co.*, 62 F.3d 69, 72 (2d Cir. 1995); *accord Alexander v. Bd. of Educ. Of City of N.Y.*, 648 F. App'x 118, 120 n.2 (2d Cir. 2016). The following documents are quoted and/or referenced in the Amended Complaint filed by the SEC on May 29, 2017 (the "Complaint"):

- A March 27, 2007 email sent to Mr. Cohen with an attachment that incorporates a March 22, 2007 email quoted in Paragraph 94 of the Complaint. (*See* Ex. 18 at 2.)

- A November 19, 2007 email sent by Mr. Cohen, quoted in Paragraph 96 of the Complaint. (*See* Ex. 19 at 3.)

- A December 20, 2007 email sent by Mr. Cohen, quoted in Paragraph 97 of the Complaint. (*See* Ex. 20 at 1.)

- OZ Management LP's Uniform Applications for Investment Adviser Registration, filed with SEC on Form ADV, referenced in Paragraph 160 of the Complaint. (*See* Exs. 13-17.)[1]

- African Global Capital II LP's Form 1065 United States Return of Partnership Income for the year ended December 31, 2008, referenced in Paragraph 163 of the Complaint. (*See* Ex. 9.)

- Investment Recommendations sent to the investment fund AGC II for each of the three transactions as to which the Complaint alleges a violation of the Investment Advisers Act based on purported misstatements or omissions in the recommendation, including:

    o An April 8, 2011 Investment Recommendation in connection with the $77 Million Stock Transaction, quoted in paragraph 175 of the Complaint. (*See* Ex. 10 at 3.)

    o A May 28, 2010 Investment Recommendation in connection with the Congo-Brazzaville Transaction, referenced at Paragraphs 189 to 190 of the Complaint. (*See* Ex. 11, at 3-5.)

---

[1] The Complaint does not specify the year of the Form ADV to which it is referring. (*See* ¶ 160.) Defendants request judicial notice of OZ Management LP's Form ADVs for each year from 2008 through 2012, which reflect that the content cited in the Complaint appears only in the 2012 Form ADV. The Court may take judicial notice of all the Form ADVs because they are relevant public disclosure documents that are required to be filed with the SEC. *See, e.g., Kramer v. Time Warner, Inc.*, 937 F. 2d 767, 774 (2d Cir. 1991).

- o   A December 16, 2010 Investment Recommendation in connection with the London Holding Company Stock Purchase, referenced at Paragraphs 193 to 195 of the Complaint. (*See* Ex. 12.)

- Tolling Agreements between Cohen and the SEC, referenced in Paragraph 202 of the Complaint. (*See* Exs. 3, 4, & 5.)[2]

**Documents Plaintiff Possessed and Relied Upon in Bringing Suit**

"Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (quoting *Int'l Audiotext Network, Inc. v. AT&T Co.*, 62 F.3d 69, 72 (2d Cir. 1995)). The following documents are subject to judicial notice on this ground:

- SEC Orders of Investigation (Ex. 2). The tolling agreements with Mr. Cohen and Mr. Baros that are referenced and incorporated into the Complaint define the scope of their tolling by explicit reference to specific formal SEC investigations, identified in the tolling agreements by file name and number as *In the Matter of the Libyan Investment Authority (B-2646)* and *In the Matter of Och-Ziff Capital Management LLC (B-02790)*. (*See, e.g.*, Exs. 3-5.) As such, the formal orders of investigation that define the scope of those investigations are integral to the terms and effect of the tolling agreements upon which the Complaint expressly relies. Moreover, these Orders originate with the SEC itself and their authenticity "cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

- The formation documents for AML, AGC II, and OZ Partners Fund (Exs. 6, 7, 8). The Complaint relies upon detailed allegations concerning the formation of Africa Management Limited ("AML") (*see* ¶ 78), and the formation of the investment funds African Global Capital II, L.P. ("AGC II") and OZ Partner AGC II Feeder L.P. ("OZ Partners Fund") (*see* ¶ 78, 159.) The "formation" and "establishment" of those three entities alleged in the Complaint was accomplished through the following three documents:

    - o   Amended and Restated Exempted Limited Partnership Agreement of African Global Capital II, L.P. (Ex. 6.)

    - o   Africa Management Limited Relationship Deed. (Ex. 7.)[3]

---

[2] Paragraph 202 of the Complaint expressly references the first two tolling agreements: one running from November 26, 2012 through November 25, 2013 (Ex. 3) and one from December 23, 2013 through June 23, 2014 (Ex. 4). (*See* ¶ 202.) The Complaint oddly omits the third tolling agreement, running from June 24, 2014 through September 30, 2014. (*See* Ex 5.) Judicial notice is nonetheless appropriate for the third agreement because there is no dispute about its authenticity, *see* Fed. R. Evid. 201(b)(2).

- OZ Partner AGC II Feeder L.P. Amended and Restated Exempted Limited Partnership Agreement. (Ex. 8.)

**Public Records**

The court may take judicial notice of relevant matters of public record. *See Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012); *Nelson v. MillerCoors, LLC,* No. 15-CV-7082 (WFK) (RML), 2017 WL 1403343, at *4 (E.D.N.Y. Mar. 31, 2017) ("Judicial notice is therefore appropriate because all items are matters of public record and there is no dispute as to their authenticity."). The following document is taken from public sources and may not be reasonably disputed:

- United States Customs and Border Protection Records (Ex. 1). The document attached as Exhibit 1 to the Sadeghi Declaration is a report dated April 14, 2017, listing confirmed border crossings by defendant Michael L. Cohen into and out of the United States. The report was produced by U.S. Customs and Border Protection in response to a subpoena issued in this matter, as reflected in the cover email included with Exhibit 1. Federal courts in the Second Circuit routinely take judicial notice of the contents of government databases. *See, e.g., United Merchandise Wholesale, Inc. v. IFFCO, Inc.*, 51 F. Supp. 3d 249 (E.D.N.Y. 2014) (online US Patent and Trademark Office database); *Wallace v. New York*, 40 F. Supp. 3d 278, 286 (E.D.N.Y. 2014) (state sex offender database); *Randle v. Alexander*, 170 F. Supp. 3d 580 (S.D.N.Y. 2016) (New York State Department of Corrections and Community Supervision database); *MPC Franchise, LLC v. Tarntino*, 19 F. Supp. 3d 456, 461 n. 10, 463 (W.D.N.Y. 2014), *aff'd*, 826 F.3d 653 (2d Cir. 2016) (New York Secretary of State and USPTO databases). There can be no reasonable dispute as to the accuracy of the Customs records. *Cf. Abidor v. Napolitano*, 990 F. Supp. 2d 260, 271 & n.4 (E.D.N.Y. 2013) (taking judicial notice of figures derived from "CBP systems" since they were a source "whose accuracy cannot reasonably be questioned").

---

[3] The Relationship Deed was filed with the United Kingdom's Financial Services Authority (the British equivalent of the Securities and Exchange Commission), and is therefore "'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" *Island Software*, 413 F.3d at 261. *Cf. Silsby v. Icahn*, 17 F. Supp. 3d 348, 354 (S.D.N.Y. 2014), *aff'd*, *sub nom*, *Lucas v. Icahn*, 616 Fed. Appx. 448 (2d Cir. 2015) (court can take judicial notice of documents filed with the SEC).

4

Dated: New York, New York  MORRISON & FOERSTER LLP
      June 27, 2017

By:   /s/ *Ronald G. White*
      Ronald G. White
      Kayvan B. Sadeghi
      Amanda Aikman
      MORRISON & FOERSTER LLP
      250 West 55th Street
      New York, New York 10019
      (212) 468-8000

*Attorneys for Defendant Michael L. Cohen*