UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

SECURITIES AND EXCHANGE COMMISSION,

                      Plaintiff,

                         v.

MICHAEL L. COHEN and VANJA BAROS,

                    Defendants.

---------------------------------------------------------------x

17-cv-00430 (NGG-LB)

Date of Service: February 26, 2018


**DEFENDANT VANJA BAROS'S RESPONSE TO THE DEPARTMENT OF JUSTICE'S MOTION TO INTERVENE IN AND STAY CIVIL PROCEEDINGS**

Mark S. Cohen
Jonathan S. Abernethy
Colin C. Bridge
COHEN & GRESSER LLP
800 Third Avenue
New York, NY 10022
Phone: (212) 957-7600
Fax: (212) 957-4514

*Attorneys for Vanja Baros*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................. 1

RELEVANT BACKGROUND ................................................................................................... 2

ARGUMENT ............................................................................................................................... 3

I.   The DOJ's Request for a Complete Stay Is Overbroad ...................................................... 3

II.  A Complete Stay Would Unfairly Prejudice Mr. Baros ................................................... 8

CONCLUSION ............................................................................................................................ 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bridgeport Harbour Place I, LLC v. Ganim,*
    269 F. Supp. 2d 6 (D. Conn. 2002) ........................................................................................ 7

*Kokesh v. SEC,*
    137 S. Ct. 1635 (2017) ............................................................................................................ 5

*Louis Vuitton Malletier S.A. v. LY USA, Inc.,*
    676 F.3d 83 (2d Cir. 2012) ............................................................................................. 3, 4, 8

*Morrison v. National Australia Bank Ltd.,*
    561 U.S. 247 (2010) ................................................................................................................ 1

*SEC v. Doody,*
    186 F. Supp. 2d 379 (S.D.N.Y. 2002) .................................................................................... 3

*SEC v. Downe,*
    No. 92 Civ. 4092 (PKL), 1993 WL 22126 (S.D.N.Y. Jan. 26, 1993) ...................................... 2

*SEC v. Dubovoy,*
    No. 15 Civ. 6076 (MCA), Dkt. No. 240: Order (D.N.J. Jan. 29, 2016). ............................. 6, 7

*SEC v. Gordon,*
    No. 09 Civ. 61 (CVE), 2009 WL 2252119 (N.D. Okla. July 28, 2009) ................................... 7

*SEC v. Jones,*
    No. 04 CIV. 4385 (RWS), 2005 WL 2837462 (S.D.N.Y. Oct. 28, 2005)................................. 8

*SEC v. Nicholas,*
    569 F. Supp. 2d 1065 (C.D. Cal. 2008) .................................................................................. 6

*SEC v. One or More Unknown Purchasers of Securities of Global Industries, Ltd.,*
    No. 11 Civ. 6500, 2012 WL 5505738 (S.D.N.Y. Nov. 9, 2012) .............................................. 6

*SEC v. Platinum Mgmt. (NY) LLC,*
    No. 16 Civ. 6848 (DLI), 2017 WL 2915365 (E.D.N.Y. July 7, 2017).................................. 6, 7

*SEC v. Shkreli,*
    No. 15 Civ. 7175 (KAM), 2016 WL 1122029 (E.D.N.Y. Mar. 22, 2016) ........................ 4, 6, 7

*SEC v. Syndicated Food Service International,*
    No. 04-CV-1303 (NGG), 2004 U.S. Dist. LEXIS 31717 (E.D.N.Y. Aug. 19, 2004) ............... 7

**Page(s)**

*SEC v. Wey*,
   No. 15-CV-7116 (PKC), Dkt. No. 103: Order (PKC) (S.D.N.Y. June 8, 2016) ...................... 7

*Trustees of Plumbers & Pipefitters Nat. Pension Fund v. Transworld Mech., Inc.*,
   886 F. Supp. 1134 (S.D.N.Y. 1995) ............................................................................. 2

*United States v. Ali*,
   718 F.3d 929 (D.C. Cir. 2013) ..................................................................................... 5

**Statutes**

28 U.S.C. § 2462 ............................................................................................................. 5

Defendant Vanja Baros ("Baros") respectfully submits this memorandum in response to the Department of Justice's ("DOJ") Motion to Intervene In and Stay Civil Proceedings.

## PRELIMINARY STATEMENT

The parties differ on a single, yet critical issue.  Mr. Baros does not oppose the DOJ's motion to intervene and for a stay, to the extent that the motion seeks to stay discovery in this matter.  However, Mr. Baros does oppose the DOJ's application to the extent it asks the Court to refrain from deciding the Motion to Dismiss the Amended Complaint that is *sub judice*.  We respectfully submit that the Court should decide Mr. Baros's Motion to Dismiss the Amended Complaint in its normal course, without having it stayed, for three important reasons.

First, Mr. Baros's motion seeks to dismiss the Amended Complaint based on the statute of limitations provision applicable to SEC enforcement cases, lack of personal jurisdiction, and certain Rule 12(b)(6) grounds directed to the SEC's Foreign Corrupt Practices Act ("FCPA") causes of action.[1]  If granted, the motion could well be outcome dispositive, in whole or in part. Thus, it would result in unfair prejudice to Mr. Baros, who is not named in the criminal case, for him to be required to wait for the resolution of the motion to dismiss until the end of the criminal case, particularly where the Court's rulings could be so impactful.  Simply put, Mr. Baros should not continue as a defendant in the stayed case if the right outcome is for him to be dismissed from it in the first place.

Second, the DOJ would not be prejudiced by a ruling on Mr. Baros's motion to dismiss. Mr. Baros's challenges in the motion concern a statute relating to the SEC's time to bring civil penalty and disgorgement claims and the sufficiency of pleading relating to personal jurisdiction

---

[1] Mr. Baros also joined in Mr. Cohen's motion that the Investment Advisers Act ("IAA") claims in the Amended Complaint should be dismissed under *Morrison v. National Australia Bank Ltd.*, 561 U.S. 247 (2010), because they charge conduct outside of the limited territorial reach of the IAA.

and certain causes of action.  They do not overlap with or in any way impact the criminal indictment against Michael Cohen.

Third, the cases cited by the DOJ mostly address the issue of discovery stays (which Baros does not oppose), and do not focus on situations where the DOJ also sought to stay a decision on pending motions in the civil case.  Indeed, in the few cases that do address that situation, the courts went forward in deciding the motions to dismiss when requested to do so by defendants – the relief that we seek here.

Accordingly, Mr. Baros respectfully requests that the Court decide his pending motion to dismiss the Amended Complaint.  Baros does not oppose a stay of discovery in the matter, to the extent he remains in the case, following resolution of the motion to dismiss.[2]

## RELEVANT BACKGROUND

On January 26, 2017, the SEC filed this action (the "Civil Case") against Mr. Cohen and Mr. Baros.  The SEC's Complaint alleged violations of the FCPA and the IAA in connection with eight transactions entered into by Och-Ziff and/or the joint venture in which Och-Ziff was a partner.  The Complaint charged Mr. Baros in connection with five of those transactions.  On May 8, 2017, Mr. Baros moved to dismiss the Complaint i) as time-barred to the extent it seeks fines and disgorgement, ii) because there is no basis to assert personal jurisdiction over him, and iii) because the SEC failed to state a claim on which relief could be granted with respect to the FCPA anti-bribery claims against him.

On May 29, 2017, in response to defendants' motions to dismiss, the SEC filed an Amended Complaint.  Mr. Baros moved to dismiss the Amended Complaint on June 27, 2017;

---

[2] Courts routinely extend discovery stays to non-indicted civil defendants, such as Mr. Baros, to "avoid duplication of discovery efforts" and the attendant costs of piecemeal litigation.  *Trustees of Plumbers & Pipefitters Nat. Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995); *see also SEC v. Downe*, No. 92 Civ. 4092 (PKL), 1993 WL 22126, at *14 (S.D.N.Y. Jan. 26, 1993).

the SEC submitted its opposition July 28, 2017; and Mr. Baros submitted a reply brief on

August 18, 2017.  Full briefing on the motions, including briefs filed by Mr. Baros, Mr. Cohen,

and the SEC, took significant time by the parties and the briefs total well in excess of 200 pages.

This Court held oral argument on the motions to dismiss on December 19, 2017.

On January 3, 2018, the DOJ unsealed an indictment against Mr. Cohen (the "Criminal

Case") (which had been returned by the grand jury in October 2017) charging Mr. Cohen in

connection with just one of the eight transactions in the Civil Case.  Mr. Baros is not charged in

the Criminal Case.

## ARGUMENT

There is no basis to stay a ruling on Mr. Baros's pending motion to dismiss.  That motion

seeks dismissal on the grounds that (i) the SEC's claims against Mr. Baros are all time-barred,

(ii) the Court lacks personal jurisdiction over Mr. Baros, and (iii) the FCPA charges against

Mr. Baros do not state a claim upon which relief may be granted.  As there is no prejudice to the

DOJ if these motions are ruled on, and there will be prejudice to Mr. Baros if such a ruling is

stayed, the Court should deny the DOJ's motion for a full stay and instead order a more limited

stay of discovery to which Mr. Baros has consented.

**I.      The DOJ's Request for a Complete Stay Is Overbroad**

Whether civil proceedings should be stayed is an exercise of the court's discretion based

on an analysis of the parties' competing interests.  *See SEC v. Doody*, 186 F. Supp. 2d 379, 381

(S.D.N.Y. 2002).  The decision requires "the district court's studied judgment as to whether the

civil action should be stayed based on the particular facts before it and the extent to which such a

stay would work a hardship, inequity, or injustice to a party, the public or the court."  *Louis*

*Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 99 (2d Cir. 2012).  In deciding whether to

enter a stay, courts consider several factors.[3]  *Id*.  The party seeking a stay bears the burden of establishing that the stay is necessary.  *Id*. at 97; *SEC v. Shkreli*, No. 15 Civ. 7175 (KAM), 2016 WL 1122029, at *3 (E.D.N.Y. Mar. 22, 2016).  The DOJ has failed to meet its burden with respect to a stay of the decision on Mr. Baros's pending motion to dismiss.

In its memorandum of law in support of a stay, the DOJ asserts that it is "extremely likely" that Mr. Cohen will move to dismiss the IAA claims in the Criminal Case on "extraterritoriality" grounds, as defendants have done in this case.  Government's Memorandum of Law in Support of Applications to Intervene in and Stay Civil Proceedings (the "DOJ Brief") at 22-23.  Citing an "interest" in this legal issue, but without providing any examples of potential prejudice to the Criminal Case, the DOJ explains that it would like to address extraterritoriality in the Criminal Case before there is a decision in this case.  *Id*.  Thus, the DOJ asks this Court to refrain from "any ruling" on defendants' pending motions to dismiss in this case.  *Id*. at 2.  The DOJ, however, does not cite any authority for staying pending motions to dismiss in a civil case to allow the DOJ to address a legal issue in a criminal case in the first instance.

In addition, the DOJ's request is overbroad.  Mr. Baros's motion to dismiss includes three independent grounds for dismissal of this case, none of which relates to issues in the Criminal Case or the DOJ's proffered reason for seeking to stay a decision on the motions.[4]

---

[3] The factors are: "1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest."  *Louis Vuitton Malletier S.A.*, 676 F.3d at 99.

[4] While Mr. Baros has joined in Mr. Cohen's argument that the IAA claims are improper under *Morrison*, Mr. Baros's other grounds for dismissal are wholly independent of this argument and the Court should decide Mr. Baros's motion to dismiss on these grounds even if the Court is inclined to stay a decision on the *Morrison* issue.

_First_, Mr. Baros has moved for dismissal of the SEC's claims seeking civil penalties and disgorgement as untimely under the Supreme Court's decision in _Kokesh v. SEC_, 137 S. Ct. 1635 (2017), which held that 28 U.S.C. § 2462's five-year statute of limitations applies both to civil penalties and disgorgement.[5]  If Mr. Baros's statute of limitations motion (much of which the SEC does not even challenge) is granted, the impact on the Civil Case will be significant:  the SEC will not be able to seek any financial remedy against Mr. Baros.  Crucially, this issue has absolutely no legal or factual overlap with the Criminal Case, since among other things, by its terms, § 2462 only applies to civil enforcement actions, not criminal cases.

_Second_, Mr. Baros, a UK citizen who worked for the London subsidiary of Och-Ziff on transactions involving Africa, has moved to dismiss the Amended Complaint for lack of personal jurisdiction on the grounds that it fails to plead that he had the requisite minimum contacts with the U.S.  If Mr. Baros prevails on this part of his motion, it will end the SEC's case against him.  There is also no overlap with the Criminal Case on this legal issue, which relates to the personal jurisdiction standard in civil cases, and is inapplicable in the criminal context.  _See, e.g._, _United States v. Ali_, 718 F.3d 929, 944 (D.C. Cir. 2013) ("In support of his due process argument, [defendant] cites a panoply of cases concerning personal jurisdiction in the context of civil suits. . . .  But . . . the law of personal jurisdiction is simply inapposite.").

_Third_, Mr. Baros has moved to dismiss the SEC's FCPA claims for failure to state a claim under Rule 12(b)(6).  Mr. Baros has argued that the Amended Complaint does not adequately plead that he was an employee or agent of Och-Ziff's U.S. parent and is therefore not subject to the FCPA.  Mr. Baros has also argued that the Amended Complaint fails to plead key elements of an FCPA claim with respect to two transactions, the Margin Loan and 2011 Stock

---

[5] In addition, Mr. Baros joined in Mr. Cohen's argument that, under the reasoning of _Kokesh_, the SEC's claims for injunctive relief are also time-barred and should be dismissed.

Purchase.  If Mr. Baros prevails on any of these grounds, the SEC's case will be significantly

narrowed.  Again, these issues only concern the sufficiency of the SEC's pleadings and have

nothing to do with the Criminal Case, which does not even charge the named defendant,

Mr. Cohen, under the FCPA.

Nowhere in its 28-page brief does the DOJ identify any potential prejudice to the

Criminal Case if Mr. Baros's motion to dismiss is ruled on.  Moreover, the relief the DOJ seeks

is unsupported by case law in this Circuit.  None of the Second Circuit cases that the DOJ cites

for the proposition that courts have granted complete stays in parallel SEC cases over

defendants' objections were cases with pending motions to dismiss.  *See, e.g.*, *SEC v. Platinum*

*Mgmt. (NY) LLC*, No. 16 Civ. 6848 (DLI), 2017 WL 2915365 (E.D.N.Y. July 7, 2017) (granting

request for a complete stay made a month after SEC case was filed and where no motions to

dismiss were pending); *Shkreli,* 2016 WL 1122029 (entering complete stay where government

"promptly" intervened after SEC case was filed and where no motions to dismiss were

pending).[6]

Additionally, in *SEC v. One or More Unknown Purchasers of Securities of Global*

*Industries, Ltd.*, which the DOJ claims "grant[ed the] government's request for [a] complete stay

of [the] SEC action over [the] objection of corporate defendant," DOJ Brief at 16, Judge Ronnie

Abrams in fact granted a six-month *discovery* stay, renewable on a showing of good cause, *not* a

full stay of the case.  *See* No. 11 Civ. 6500, 2012 WL 5505738, at *6 (S.D.N.Y. Nov. 9, 2012).

Likewise, *SEC v. Dubovoy* did not grant the "government's request for a complete stay of [the]

[6] One case cited by the DOJ from the Central District of California did involve a pending motion to dismiss, but in that case, the DOJ did not move for a stay as to the non-indicted defendants; the stay was entered before oral argument on the motion took place; and the defendants, unlike here, did not appear to have raised the issue of the pending motions in opposing the stay.  *See SEC v. Nicholas*, 569 F. Supp. 2d 1065 (C.D. Cal. 2008).

SEC action," as the DOJ asserts, DOJ Brief at 16, but only a stay of *discovery*. *See* No. 15 Civ.

6076 (MCA), Dkt. No. 240: Order (D.N.J. Jan. 29, 2016).[7]

In situations like this one, where defendants have expressed an interest in the resolution

of a motion which is potentially dispositive in whole or in part, courts can enter a stay as needed

to protect the interests of the DOJ and any indicted defendants, but allow the dispositive motions

to go forward.  In *SEC v. Syndicated Food Service International*, where several civil defendants

were also defendants in a parallel criminal case, this Court stayed the civil case, but allowed a

non-indicted defendant's motion to dismiss to proceed.  No. 04-CV-1303 (NGG), 2004 U.S.

Dist. LEXIS 31717, at *15-16 (E.D.N.Y. Aug. 19, 2004).  The Court acknowledged that the non-

indicted defendant, who opposed the stay on the ground that he would be prejudiced if he was

unable to challenge the SEC's allegations during the pendency of the criminal case, was in a

different situation than defendants who are charged both civilly and criminally.  *Id.*; *see also*

*SEC v. Wey*, No. 15-CV-7116 (PKC), Dkt. No. 103: Order (PKC) (S.D.N.Y. June 8, 2016)

(staying case as to indicted defendant and setting a motion to dismiss briefing schedule as

requested by the non-indicted defendants).  Indeed, the court stayed discovery but not

defendants' motions to dismiss in one of the cases relied on by the DOJ.  *See Bridgeport*

*Harbour Place I, LLC v. Ganim*, 269 F. Supp. 2d 6, 11 (D. Conn. 2002) (staying civil discovery

but granting defendant's request to maintain current schedule with respect to motions to dismiss).

For these reasons, this Court should resolve Mr. Baros's motion to dismiss on statute of

limitations, personal jurisdiction, and 12(b)(6) grounds.  In addition, for the reasons set forth in

---

[7] Many of the cases in which a complete stay is entered, moreover, involve situations where all of the defendants in the civil case have been charged in the criminal case, which is not the case here.  *See, e.g.*, *Platinum Mgmt.*, 2017 WL 2915365; *SEC v. Gordon*, No. 09 Civ. 61 (CVE), 2009 WL 2252119 (N.D. Okla. July 28, 2009); *Shkreli*, 2016 WL 1122029.

Mr. Cohen's response brief, the Court should decline to stay a decision on dismissal of the SEC's IAA claims under *Morrison* and its progeny.

## II.    <u>A Complete Stay Would Unfairly Prejudice Mr. Baros</u>

A stay of the pending motions would also unfairly prejudice Mr. Baros.  One of the factors in deciding whether to enter a stay is the prejudice to defendants in the civil action.  *Louis Vuitton Malletier S.A.*, 676 F.3d at 99 (courts should weigh "the private interests of and burden on the defendants"); *SEC v. Jones*, No. 04 CIV. 4385 (RWS), 2005 WL 2837462, at *1 (S.D.N.Y. Oct. 28, 2005) (same).  A defendant's interest includes the opportunity to remove a cloud on his reputation and personal life in a timely manner.  *Jones*, 2005 WL 2837462*, at *2 (denying motion to stay and noting that defendant's "reputation and credibility have been called into question, and he deserves a timely opportunity to clear his name.").

In moving to stay "any decision" on the pending motions to dismiss, the DOJ is asking this Court to place Mr. Baros's important challenges to the SEC's pleadings off to one side for perhaps a year or more, for reasons solely related to a legal issue in a criminal case in which Mr. Baros is not a party.  It is fundamentally unfair to Mr. Baros to make him wait through resolution of the Criminal Case – all the while continuing to suffer impairments to his career and livelihood, and burdens on his personal finances – before getting closure on his pending motion.

The remaining factors that courts consider in staying civil cases in the interest of a pending criminal matter further weigh in favor of not staying the pending motions to dismiss the Civil Case here.  In particular, declining to stay Mr. Baros's motion would promote the interests of the Court and judicial efficiency.  Because Mr. Baros's motion may be outcome dispositive, or partially dispositive, it makes sense to resolve the motion now so that the matter can proceed expeditiously (if necessary) once the stay is lifted.  In addition, it is in the interest of judicial efficiency to promptly identify and dispose of stale or unfounded claims.  Finally, while the SEC

has consented to the complete stay the DOJ seeks, it has not identified (nor could it credibly

identify) any potential prejudice to its interests if the stay is limited to a stay of discovery.

## CONCLUSION

For all of the foregoing reasons, and those set forth in Mr. Cohen's brief, the Court

should deny the DOJ's motion to the extent it seeks to stay a decision on Mr. Baros's pending

Motion to Dismiss.


Dated:  February 26, 2018
         New York, New York

                                        COHEN & GRESSER LLP

                                        By: /s/ Mark S. Cohen_____
                                            Mark S. Cohen
                                            mcohen@cohengresser.com
                                            Jonathan S. Abernethy
                                            jabernethy@cohengresser.com
                                            Colin C. Bridge
                                            cbridge@cohengresser.com
                                            800 Third Avenue
                                            New York, NY 10022
                                            (212) 957-7600

                                            *Attorneys for Vanja Baros*