UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>       Plaintiff,<br><br>  v.<br><br>MICHAEL L. COHEN and<br>VANJA BAROS,<br><br>       Defendants. | Case No. 17-CV-430 (NGG) (LB) |

**DEFENDANT MICHAEL L. COHEN'S RESPONSE TO THE
GOVERNMENT'S MOTION TO INTERVENE
IN AND STAY CIVIL PROCEEDINGS**

                     Ronald G. White
                     Kayvan B. Sadeghi
                     Amanda Aikman
                     MORRISON & FOERSTER LLP
                     250 West 55th Street
                     New York, New York 10019
                     (212) 468-8000

                     *Attorneys for Defendant Michael L. Cohen*

Defendant Michael L. Cohen consents to the government's motion to intervene in this civil action, and consents to a stay of proceedings with one narrow exception, which is to respectfully request that the Court rule on his pending motion to dismiss.

Staying discovery and other proceedings in this action while the criminal case is pending will alleviate concerns of potential prejudice to both the government and Mr. Cohen, and courts frequently order stays on that basis. But resolving Mr. Cohen's motion to dismiss (and that of co-defendant Vanja Baros) implicates none of the concerns that justify a stay. Not surprisingly, the government cites no case holding that a motion to dismiss a civil complaint could prejudice a criminal action. On the contrary, this Court and others have considered motions to dismiss civil actions even while staying discovery due to a parallel criminal case. The Defendants' motions raise purely legal arguments regarding whether the Amended Complaint filed by the Securities and Exchange Commission ("SEC") is sufficient to state a viable claim under the Federal Rules of Civil Procedure. In its stay motion, the government fails to articulate how the Court's resolution of these legal issues could prejudice its criminal case. Indeed, resolving a purely legal question in one case does not prejudice other cases that may implicate the same legal question. Moreover, the government's entire discussion of this issue focuses on only one of the three grounds raised in Mr. Cohen's motion to dismiss, the scope of the Investment Advisers Act ("Advisers Act"); it offers no justification at all to hold in abeyance a ruling on Mr. Cohen's other legal arguments, the resolution of which could have no conceivable impact on the criminal case.

On the other hand, there is clear prejudice to Mr. Cohen in staying his motion to dismiss now, after he has devoted the time, effort and expense of briefing it (twice) and arguing it. The motion was fully briefed six months ago and the Court heard oral argument over two months

1

ago. Mr. Cohen has a significant interest in clearing his name of the charges brought by the SEC, which have been public for over a year, and his motion has the potential to result in dismissal of all or significant portions of the SEC's case. Given the complete lack of any articulable prejudice to the government in the criminal case, the Court should proceed to decide the motion to dismiss.

## BACKGROUND

After a joint investigation, the Department of Justice ("DOJ") and the SEC simultaneously announced resolutions with affiliates of Och-Ziff Capital Management Group ("Och-Ziff") on September 29, 2016. Four months later, on January 26, 2017, the SEC proceeded alone to file this civil action against Mr. Cohen and Mr. Baros.

Unaware that any criminal case would be forthcoming, Defendants filed motions to dismiss the SEC's complaint on May 8, 2017. Apparently unsure that its original Complaint would survive the motions to dismiss, the SEC filed an Amended Complaint on May 29, 2017, rather than oppose the Defendants' motions. The Defendants then moved to dismiss the Amended Complaint on June 27, 2017. These motions to dismiss were fully submitted over six months ago, on August 18, 2017, and the Court heard oral argument on December 19, 2017. Mr. Cohen's motion advanced three grounds for dismissal: (1) the action was not brought within the applicable statute of limitations, 28 U.S.C. § 2462; (2) the allegations in the Amended Complaint were insufficient to establish that three of the alleged transactions involved domestic conduct and thus, were outside the scope of the Advisers Act; and (3) the Amended Complaint failed to sufficiently allege Mr. Cohen's knowledge with the required particularity. The parties' briefs on these issues totaled 140 pages.[1]

---

[1] The parties also moved forward with discovery. The government's stay motion leaves the misimpression that Mr. Cohen decided to issue subpoenas in the civil case to DOJ and FBI seeking FBI 302s as an end-run around criminal

2

On January 3, 2018, the government unsealed an indictment against Mr. Cohen which it had obtained from a grand jury on October 5, 2017.

## ARGUMENT

Mr. Cohen agrees that a stay of discovery and further proceedings in this case (with one exception) is warranted. The only disputed question is whether the Court should also stay its decision on the pending motions to dismiss, but there is no legal or practical justification for doing so.

When a criminal action is pending, the decision whether to stay related civil proceedings is committed to the discretion of the Court and depends upon "the extent to which such a stay would work a hardship, inequity, or injustice to a party, the public or the court." *See Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 99 (2d Cir. 2012).

The government cannot point to any "hardship, inequity, or injustice" that would result if the Court decides the Defendants' fully submitted motions to dismiss. It cites no cases holding that a resolution of a motion to dismiss a civil complaint could prejudice a criminal action, and Mr. Cohen is aware of none. Indeed, a court's decision of a legal issue in one case is simply not the type of prejudice to a party in a parallel case that justifies a stay.

To begin with, the government does not even attempt to articulate any prejudice from the Court's resolution of Mr. Cohen's motion based on the expiration of the statute of limitations or the SEC's failure to sufficiently allege his knowledge. Nor could it – the resolution of neither

---

discovery rules and only after the indictment had been unsealed. Government's Memorandum of Law in Support of Applications to Intervene in and Stay Civil Proceedings, ECF No. 63-1 (hereinafter "DOJ Memo"), at 8-9, 22. This is incorrect. To begin with, Magistrate Judge Bloom herself recognized that the 302s were plainly relevant and discoverable in the SEC case and suggested that a subpoena be issued for them. *See* Transcript of November 30, 2017 Conference at 24-25, 28-31. Defense counsel advised the Court that he would issue subpoenas for the 302s on December 21, 2017, *before* Mr. Cohen was even aware of the criminal case. *See* Transcript of December 21, 2017 Conference at 6-7. Magistrate Judge Bloom ordered Defendants to serve such subpoenas by February 2, 2018. *See* December 21, 2017 Scheduling Order. Consistent with the Court's order, the subpoenas to DOJ and FBI were served on January 26, 2018. On February 9, 2018, in anticipation of the government's filing of this stay motion, Mr. Cohen agreed to adjourn the response date of the subpoenas pending resolution of the motion.

legal issue could conceivably cause any prejudice in the criminal case. A decision on the statute of limitations issue involves interpretation of the statute governing SEC (not DOJ) enforcement actions and tolling agreements entered into by Mr. Cohen with the SEC (not DOJ). Similarly, resolution of Mr. Cohen's challenge to the specific pleading deficiencies of the SEC's Amended Complaint would have no effect on the criminal case. As a result, the Court should, at a minimum, decide the motion on these two of the three grounds asserted by Mr. Cohen.

With respect to the remaining ground asserted in Mr. Cohen's motion to dismiss, the scope of the Advisers Act, the government raises the issue in its motion but fails to articulate any prejudice. The government notes that, because the motion to dismiss "could decide the viability of those claims in the SEC's Complaint," DOJ should be permitted to address what it expects to be a similar challenge "before this Court makes a final decision in the Civil Case." (DOJ Memo at 23.) The government's argument is that the Court should have the benefit of DOJ's position in deciding the motion *in the SEC case* because the motion is dispositive of *the SEC's claims*; conspicuously absent is any claim that the Court's decision will in any way prejudice the government in the criminal case. Moreover, the government's claim that the Court needs its input on the civil motion to dismiss is unfounded. The motion addresses the sufficiency of the factual allegations in the SEC's Amended Complaint – DOJ cannot supplement the factual record in any way that is relevant to the motion. And DOJ does not identify any legal arguments in support of the SEC's position that the SEC itself – the agency with primary responsibility for enforcing the Advisers Act – has not already advanced in extensive briefing and argument on this point. Thus, based on this failure to articulate any type of prejudice to DOJ's position in the criminal case, there is also no basis to stay resolution of the Advisers Act portion of the motion to dismiss.

Moreover, the government ignores the fact that courts routinely decide dispositive motions in civil actions even when staying discovery based on a related criminal case. For example, in *SEC v. Wey*, the court granted defendants' motion to stay the SEC's enforcement action during the pendency of a simultaneously filed criminal case, but specifically excluded motions to dismiss from its order and set a briefing schedule for the filing of such motions. *See* Order, *SEC v. Wey*, No. 15-CV-7116 (PKC) (S.D.N.Y. June 8, 2016), ECF No. 103, and Transcript of Oral Argument at 24, ECF No. 104. Similarly, in *SEC v. Syndicated Food Service International*, this Court granted defendants' cross-motion to stay a civil case, while allowing a civil defendant who was not named in the criminal case to proceed with a motion to dismiss. No. 04-CV-1303 (NGG), 2004 U.S. Dist. LEXIS 31717, at *2 (E.D.N.Y. Aug. 19, 2004). In numerous other cases, courts have ordered partial or full stays of civil discovery while allowing dispositive motions to proceed. *See, e.g.*, Memorandum and Order, *SEC v. Tuzman*, No. 15-CV-7057 (AJN) (S.D.N.Y. Mar. 1, 2016), ECF No. 43 (granting government's motion for a limited stay of discovery) and Memorandum and Order (Sept. 29, 2017), ECF No. 137 (court's ruling on motion to dismiss); Transcript of Recorded Opinion at 18-19, *SEC v. Dubovoy*, 15-CV-6076 (MCA) (D.N.J. Jan. 29, 2016), ECF No. 244 ("Although the Court stays discovery, that does not extend to the defendants' ability to answer, move, or otherwise seek to dismiss the complaint and engage in motion practice under Fed. R. Civ. P. 12"); *SEC v. Arias*, No. 12-CV-2937 (DRH), 2012 U.S. Dist. LEXIS 146712, at *5 (E.D.N.Y. Oct. 11, 2012) (adopting report and recommendation that time to answer complaint be stayed pending resolution of relating criminal proceeding but that other responsive motions, including motions to dismiss, proceed); *Ashworth v. Albers Med., Inc.*, 229 F.R.D. 527, 532 (S.D.W. Va. 2005) (granting government's request for a stay of discovery but denying defendants' request to expand the stay beyond discovery to

5

encompass all proceedings, holding that there was no justification for not proceeding to decide defendant's fully briefed motion to dismiss); *Bridgeport Harbour Place I, LLC v. Ganim*, 269 F. Supp. 2d 6, 6-7 (D. Conn. 2002) (granting government's motion to stay discovery and defendant's motion to maintain the current schedule for motion to dismiss); *Trs. of the Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech.*, 886 F. Supp. 1134, 1138 (S.D.N.Y. 1995) (ordering a stay of the civil case and, in the same order, ruling on a pending motion to dismiss).

The cases relied upon by the government for the proposition that courts will grant a stay of civil *discovery* over a defendant's objection (DOJ Memo at 16-17) simply do not support staying decision on a motion to dismiss a civil action. As noted above, in one of those cases, *SEC v. Dubovoy*, No. 15-CV-6076 (MCA) (D.N.J. Jan. 29, 2016), the Court stayed discovery but explicitly allowed motions to dismiss to proceed, just as the Court should do here. *See* Transcript of Recorded Opinion at 18-19, ECF No. 244. The two recent Eastern District cases highlighted by the Government never addressed the question posed here because the motions to stay were brought promptly after simultaneous filing of a civil complaint and a criminal indictment, before any pleading motions in the civil case – unlike here, where the government waited for a year after the SEC's case was filed to unseal its indictment and six months after the motion to dismiss was fully briefed and submitted. *See, e.g.*, *SEC v. Platinum Mgmt. (NY) LLC*, No. 16-CV-6848 (DLI), 2017 U.S. Dist. LEXIS 105620 (E.D.N.Y. July 7, 2017) (motion to stay filed approximately one month after civil complaint); *SEC v. Shkreli*, No. 15-CV-7175 (KAM), 2016 U.S. Dist. LEXIS 36734 (E.D.N.Y. Mar. 22, 2016) (same). In two other cases cited by the government, the issue was moot by the time the government's motion to stay was filed, since the defendants in the civil case had already filed an answer to the complaint or the Court had already

6

decided the motion to dismiss. *See SEC v. One or More Unknown Purchasers of Secs. of Global Indus.*, No. 11–CV-6500 (RA), 2012 U.S. Dist. LEXIS 162772 (S.D.N.Y. Nov. 9, 2012) (motion to stay only filed after defendant answered the complaint); *SEC v. Gordon*, No. 09-CV-0061 (CVE), 2009 WL 2252119, at *3 (N.D. Okla. July 28, 2009) (motion to stay filed after court had ruled on defendant's motion to dismiss).[2]

While ruling on the motion to dismiss will create no prejudice to the government, failure to rule will prejudice Defendants. Defendants were sued over a year ago for securities law violations and have a strong interest in being allowed an opportunity to clear their names. *See, e.g.*, Memorandum Endorsement at 3, *SEC v. Walters*, No.16-CV-3722 (LLS) (S.D.N.Y. Aug. 26, 2016), ECF No. 61 (denying motion to stay and noting prejudice to defendant that would otherwise result from remaining under the cloud of the SEC's allegations); *SEC v. Cioffi*, No. 08-CV-2457 (FB), 2008 U.S. Dist. LEXIS 86088, at *3 (E.D.N.Y. Oct. 23, 2008) (noting "defendants' interest in having 'a timely opportunity to clear [their] name[s]'") (quoting *SEC v. Jones*, No. 04-CV-4385 (RWS), 2005 U.S. Dist. LEXIS 25325, at *4 (S.D.N.Y. Oct. 28, 2005)). Defendants have gone to the time and expense of extensively briefing the motions to dismiss not once, but twice. Those motions were fully briefed six months ago and the Court heard oral argument over two months ago. Each of the motions has the potential to result in dismissal of all or significant portions of the SEC's case. Given the complete lack of any articulable prejudice to the government in the criminal case, the Court should proceed to decide the motions to dismiss so Defendants can obtain the dismissal or narrowing of the SEC case to which they are entitled under the law.

---

[2] The remaining case cited by the government is similarly inapposite. In *SEC v. Nicholas*, 569 F. Supp. 2d 1065 (C.D. Cal. 2008), the government moved to stay discovery in the civil case before any defendant had filed a motion to dismiss or answered the civil complaint. One defendant thereafter filed a motion to dismiss, while two other defendants received extensions to file until after a hearing on the motion to stay. The court subsequently granted the government's motion to stay, but before the single pending motion to dismiss had been fully briefed or argued.

7

**CONCLUSION**

For the foregoing reasons, Mr. Cohen respectfully requests that the Court rule on the pending motions to dismiss and stay discovery and all other proceedings in this action pending resolution of the criminal action.

Dated: New York, New York
February 26, 2018

MORRISON & FOERSTER LLP

By: */s/ Ronald G. White*

Ronald G. White
Kayvan B. Sadeghi
Amanda Aikman
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
(212) 468-8000

*Attorneys for Defendant Michael L. Cohen*

8