UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

  -against-

MICHAEL L. COHEN and VANJA BAROS,

                Defendants.
------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**17-CV-430 (NGG) (LB)**

NICHOLAS G. GARAUFIS, United States District Judge.

      Before the court is the motion of the United States (the "Government") to intervene in this case and to stay proceedings against Defendants Michael L. Cohen and Vanja Baros pending the resolution of related criminal proceedings against Cohen. (Gov't Mot. to Intervene ("Gov't Mot.") (Dkt. 63); Gov't Mem. in Supp. of Mot. ("Gov't Mem.") (Dkt. 63-1).) For the reasons that follow, the court grants the Government leave to intervene and stays proceedings in this case pending the resolution of criminal proceedings against Cohen. Notwithstanding this stay, however, the court will not defer ruling on Defendants' pending motions to dismiss.

**I.    BACKGROUND**

      The court assumes familiarity with this case, in which the SEC alleges that Defendants executed a "sprawling scheme" in which hedge funds managed by Och-Ziff Capital Management LLC and related entities (collectively, "Och-Ziff") paid millions of dollars in bribes to various African government officials to secure investments in Och-Ziff hedge funds and access to African real-estate and natural-resources investments. (E.g., Am. Compl. (Dkt. 27) ¶¶ 1-10.) Defendants have moved to dismiss the SEC's civil claims on various grounds, including that all claims are time-barred and that the SEC impermissibly attempts to apply the Investment Advisers Act of 1940, 15 U.S.C. § 80b-1 et seq. (the "Advisers Act"), to extraterritorial conduct.

1

(Cohen Mem. in Supp. of Mot. to Dismiss ("Cohen Mem.") (Dkt. 47) at 1-4, 6-28; Baros Mem. in Supp. of Mot. to Dismiss ("Baros Mem.") (Dkt. 43) at 1-3, 7-15, 49.) The court heard oral argument on these motions. (Dec. 19, 2017, Min. Entry.)

Shortly thereafter, the Government unsealed a ten-count indictment charging Cohen with, among other offenses, fraud and conspiracy in violation of the Advisers Act, wire fraud, and obstruction of justice. (Indictment (Dkt. 1), United States v. Cohen, No. 17-CR-544 (E.D.N.Y. filed Oct. 5, 2017).) The indictment alleges that Cohen induced a major investor in an Africa-focused fund managed by an Och-Ziff affiliate to consent to the fund's purchase of shares in a London-based mining holding company, Strata Limited ("Strata"), by concealing from the investor various conflicts of interests inherent in the transaction, including that (1) one disclosed seller of the Strata shares intended to use the proceeds to pay down a personal loan from Cohen, who had previously lent him $18 million to finance the purchase of a luxury yacht; (2) one undisclosed seller was a fund insider; and (3) a third seller had recently purchased his Strata shares from Cohen himself. (Id. ¶¶ 3, 13-24.) The indictment also charges Cohen with making false statements and obstructing justice in connection with the SEC's and a federal grand jury's investigations into this transaction. (Id. ¶¶ 28-35.) For the sake of convenience, the court refers to the criminal proceeding against Cohen as the "Criminal Case."

After unsealing the indictment, the Government moved to intervene in this case and to stay all proceedings in it until the conclusion of the Criminal Case. (Gov't Mem. at 1.) The SEC supports the motion to intervene and does not oppose a stay. (Id. at 2, 23.) Defendants do not oppose the Government's motion to intervene or to stay discovery but argue that the court should not postpone deciding their pending motions to dismiss. (Baros Resp. to Mot. ("Baros Resp.") (Dkt. 65); Cohen Resp. to Mot. ("Cohen Resp.") (Dkt. 66).)

## II. DISCUSSION

For the reasons that follow, the court grants the Government leave to intervene in this case and stays proceedings in this case other than the court's forthcoming rulings on Defendants' pending motions to dismiss.

### A. Intervention

The Government moves to intervene both as of right, see Fed. R. Civ. P. 24(a), and with permission of the court, see Fed. R. Civ. P. 24(b). (Gov't Mem. at 9-14.) As noted above, Defendants do not oppose the motion in this respect. (Baros Resp. at 1; Cohen Resp. at 1.) The court concludes that the Government may intervene with the court's permission, and thus need not address whether the Government is also entitled to intervene as of right. SEC v. Platinum Mgmt. (NY) LLC, No. 16-CV-6848 (DLI), 2017 WL 2915365, at *2-3 (E.D.N.Y. July 7, 2017) (holding that prosecutors were entitled to intervene in a parallel SEC case, whether as of right or with permission of the court); SEC v. Shkreli, No. 15-CV-7175 (KAM), 2016 WL 1122029, at *3 (E.D.N.Y. Mar. 22, 2016) (same).

Under Rule 24(b)(1)(B) of the Federal Rules of Civil Procedure, the court may permit the timely intervention of a party who "has a claim or defense that shares with the main action a common question of law or fact." The court has broad discretion to grant or deny a Rule 24(b) motion for permissive intervention. See Citizens Against Casino Gambling in Erie Cty. v. Hogen, 417 F. App'x 49, 50 (2d Cir. 2011) (summary order).

Here, the Government easily satisfies the criteria for permissive intervention. Both the Government and the SEC seek to hold Cohen liable for fraud in violation of the Advisers Act. The Government's charges and the SEC's claims are both based at least partly on the same conduct, namely the Strata transaction discussed above. (See Am. Compl. ¶¶ 193-201.) Because

3

the Criminal Case shares with this case common questions of law and fact, the Government may intervene here under Rule 24(b).

In reaching this conclusion, the court notes that district courts in this circuit routinely grant prosecutors leave to intervene in SEC civil enforcement actions that parallel ongoing criminal proceedings. See, e.g., Platinum Mgmt. (NY), 2017 WL 2915365, at *3; Shkreli, 2016 WL 1122029, at *3; SEC v. Treadway, No. 04-CV-3464 (VM), 2005 WL 713826, at *2 (S.D.N.Y. Mar. 30, 2005) ("Whether couching the decision in terms of mandatory or permissive intervention or simply referring to Rule 24 without specifying the subsection on which they rely, courts in this Circuit have routinely allowed federal or state prosecutors to intervene in civil litigation in order to seek a stay of discovery.").

**B. Stay**

Having determined that the Government may intervene in this case, the court turns to the questions of whether and to what extent this case should be stayed pending resolution of the Criminal Case. As noted above, Defendants do not oppose a stay of discovery but contend that the court should not defer ruling on their pending motions to dismiss. (Baros Resp., passim; Cohen Resp., passim.)

The court may stay proceedings in a civil matter "pending the outcome of a parallel criminal case when the interests of justice so require." Bridgeport Harbour Place I, LLC v. Ganim, 269 F. Supp. 2d 6, 8 (D. Conn. 2002). As the Second Circuit has explained, the court's power to stay proceedings is inherent in its authority to control its own docket. Louis Vuitton Malletier S.A. v. LY USA, Inc., 676 F.3d 83, 96 (2d Cir. 2012). To decide whether to stay civil proceedings pending the resolution of related criminal proceedings, district courts in this circuit "have often utilized a six-factor balancing test set forth by then-district court judge Chin" in

4

Trustees of the Plumbers and Pipefitters National Pension Fund v. Transworld Mechanical, Inc., 886 F. Supp. 1134 (S.D.N.Y. 1995):

> "1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest."

Louis Vuitton, 676 F.3d at 99 (quoting Trustees of the Plumbers & Pipefitters, 886 F. Supp. at 1139).

The court concludes that on balance, and in light of the specific "circumstances of, and the competing interests in, the case," Louis Vuitton, 676 F.3d at 100 (internal quotation marks and citation omitted), these six factors counsel strongly in favor of a stay. Because no party objects to a stay in general—only to the scope of the Government's requested stay—the court discusses these factors only briefly.

The first factor (overlap of issues) strongly supports a stay because, as discussed above, the issues in the Criminal Case overlap substantially with those in this case. Allowing this case to move forward alongside the Criminal Case thus poses a greater risk of compromising Cohen's Fifth Amendment right against self-incrimination. See Trustees of the Plumbers & Pipefitters, 886 F. Supp. at 1138-39; Shkreli, 2016 WL 1122029, at *4. The second factor (status of the case) also strongly supports a stay, because Cohen has already been indicted. See Harris v. Nassau County, No. 13-CV-4728 (NGG), 2014 WL 3491286, at *4 (E.D.N.Y. July 11, 2014) ("The weight of authority in this Circuit indicates that courts will stay a civil proceeding when the criminal investigation has ripened into an indictment." (internal quotation marks and citation omitted)). The fifth factor (the court's interests) likewise favors a stay, which "would avoid a

5

duplication of efforts and a waste of judicial time and resources" that might result from allowing these overlapping civil and criminal actions to proceed in parallel. See Shkreli, 2016 WL 1122029, at *6 (internal quotation marks and citation omitted). The sixth factor (the public interest) also favors a stay, in that allowing the Criminal Case to move forward alone adequately serves the public interest in the enforcement of the securities laws while avoiding the possibility that discovery in this case could circumvent the limits on discovery in the Criminal Case. See id. at *7.

Nor do the third and fourth factors counsel against a stay. As to the third factor (the SEC's interests), the SEC has not opposed the Government's motion (Gov't Mem. at 23), so this factor "has no bearing on the analysis." Id. at *5. Likewise, as to the fourth factor (Defendants' interests and the burden of a stay), Defendants have not opposed the Government's request for a stay, provided that the stay does not encompass their pending motions to dismiss. (Baros Resp. at 1; Cohen Resp. at 1.) The court thus cannot see how a limited stay would prejudice Defendants' interests.

On balance, these six factors strongly support a stay. The Government has not, however, demonstrated that this stay should extend to Defendants' pending motions to dismiss. In effect, the Government argues that the court should put this case on hold so that the Government can address first in the Criminal Case whether the Advisers Act applies to the Strata transaction. (Gov't Mem. at 22-23.) The court agrees with Defendants, however, that the Government has not shown good cause to defer ruling on their motions to dismiss. (Cf. Cohen Resp. at 1, 3-4; Baros Resp. at 4-6, 7-8.) First, the court's consideration of the motions to dismiss does not implicate the issues that typically lead courts to stay civil cases pending parallel criminal proceedings. Ruling on the motions to dismiss would not, for example, undermine Cohen's Fifth

Amendment rights or risk compromising the limits on discovery in criminal cases. Second, consideration of Defendants' extraterritoriality arguments first in this case, rather than in the Criminal Case, would result in little, if any, prejudice to the Government, which would presumably be free to re-brief this issue in the Criminal Case. Finally, deferring consideration of Defendants' motions to dismiss until after the Criminal Case is resolved would cause Defendants to suffer considerable prejudice. Defendants incurred the expense of briefing their lengthy motions before the Government moved to unseal Cohen's indictment. They also have a strong interest in attempting to "clear [their] names" quickly, rather than waiting until the Criminal Case is concluded. See SEC v. Jones, No. 04-CV-4385 (RWS), 2005 WL 2837462, at *2 (S.D.N.Y. Oct. 28, 2005). The potential for prejudice is particularly acute with respect to Baros, who is not a defendant in the Criminal Case. It would be unfair to Baros to defer ruling on his potentially dispositive motion for months, if not years, just so the court can consider the Government's arguments about whether and how the Advisers Act applies to the Strata transaction before it considers the SEC's arguments on the same subject. Accordingly, the court will not defer ruling on Defendants' pending motions to dismiss until after the resolution of the Criminal Case.

### III.    CONCLUSION

The Government's motion to intervene and to stay proceedings in this case (Dkt. 63) is GRANTED IN PART and DENIED IN PART. The court GRANTS the Government's motion to intervene and to stay further proceedings in this case pending the resolution of criminal

proceedings against Cohen. To the extent the Government asks the court to defer ruling on Defendants' pending motions to dismiss, however, the motion is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
May 10, 2018

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge